872 F.2d 417
 29 ERC 1525
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert A. HESS, Gina M. Hess, his wife, Joseph R. Hess, by
Gina M. Hess, his mother and next friend; Robert A. Hess,
II, by Gina M. Hess, his mother and next friend; Steven P.
Hess, by Gina M. Hess, his mother and next friend,
Plaintiffs-Appellants,
v.
FIRESTONE PLASTICS COMPANY, A Division of the Firestone Tire
and Rubber Company, Occidental Chemical Corporation,
Previously known as Hooker Chemicals and Plastics
Corporation, Board of County Commissioners of Cecil County,
Maryland, Cecil County Department of Public Works, David
Neff Construction Company, Defendants-Appellees.
and
WAIBEL, INC., Everett C. Taylor, Defendants.
 No. 88-3582.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 12, 1989.
Decided March 14, 1989.
Rehearing Denied April 19, 1989.
 
 Paul Michael Weiss for appellants.
 John Alma Zackrison (L. Mark Wine, Julie A. Weisman, Betty Sinclaire Wommack, Kirkland & Ellis on brief), James Lindsay Shea (Venable, Baetjer & Howard; Laurence T. Scott, Brault, Graham, Scott & Brault on brief) for appellees.
 Before ERVIN, Chief Judge, and HARRISON L. WINTER and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert A. Hess and Gina M. Hess, on behalf of themselves and their three children, filed this diversity action against Firestone Plastics Company, Occidental Chemical Corporation, the Board of County Commissioners of Cecil County, Maryland, the Cecil County Department of Public Works, Waibel, Incorporated, Everett C. Taylor, and David Neff Construction Company. Plaintiffs alleged that they sustained economic damages and personal injuries from exposure to materials in a landfill near their property in Colora, Maryland. The district court granted defendants' motions for summary judgment, holding that plaintiffs' claims were barred by the Maryland statute of limitations. We affirm.
 
 I.
 
 2
 On May 5, 1981, the Hess family purchased a tract of land in Colora, Maryland. They moved onto the property in March of 1982, and, at that time, became aware that their property was located near the Woodlawn landfill. The Hess family was notified that the Maryland State Health Department wanted to test the water on their property to determine whether chemicals were leaching out of the landfill.
 
 
 3
 In May of 1984, Gina Hess filed a complaint with the Real Estate Commission of Maryland against one of the agents involved in the purchase and sale of the property. Mrs. Hess asserted in her complaint that chemicals from the landfill were contaminating the Hess' water supply. Plaintiffs retained an attorney who filed an identical complaint on June 25, 1984, indicating plaintiffs' intent to pursue a claim against the Maryland Real Estate Guaranty Fund if the Real Estate Commission's investigation showed active misrepresentation on the part of the real estate agent. On July 23, 1985, plaintiffs filed a claim against the Real Estate Guaranty Fund asserting economic damages in the amount of $85,632.11. On March 26, 1985, plaintiffs' attorney met with Cecil County officials claiming that plaintiffs had suffered personal injury and property damage as a result of their proximity to the landfill. Plaintiffs also hired a chemical consultant to test the water and soil on their property. The tests showed levels of certain chemicals to be above the Environmental Protection Agency's allowable limits. They received the results of these tests on April 25, 1985.
 
 
 4
 On March 25, 1988, plaintiffs filed this diversity action in the United States District Court for the District of Maryland, alleging state-law causes of action for negligence, nuisance, trespass, and strict liability in tort. Defendants moved to dismiss or, in the alternative, for summary judgment. The district court granted summary judgment in favor of defendants on June 27, 1988, holding that plaintiffs' claims were barred by the applicable Maryland statute of limitations.[1] Plaintiffs appeal.
 
 II.
 A.
 
 5
 Plaintiffs contend that the district court erred in finding their claims time barred by the applicable Maryland statute of limitations. We disagree.
 
 
 6
 It is undisputed that Maryland's three year statute of limitations for tort claims governs this diversity action. See Md.Cts. & Jud.Proc.Code Ann. Sec. 5-101 (1984). According to this limitations provision:
 
 
 7
 [a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.
 
 
 8
 Id. Under Maryland law, "the cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." Poffenberger v. Risser, 290 Md. 631, 431 A.2d 677, 680 (1981). See also O'Hara v. Kovens, 305 Md. 280, 503 A.2d 1313, 1316 (1986). The limitations period begins to run when the claimant gains "knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry." Poffenberger, 431 A.2d at 681. As of that date, the claimant "is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation." Lutheran Hosp. of Maryland v. Levy, 60 Md.App. 227, 482 A.2d 23, 27 (1984), cert. denied, 302 Md. 288, 487 A.2d 292 (1985). The Maryland statute then "allows sufficient time--three years--for reasonably diligent inquiry and for making a decision as to whether to file suit." Id. at 28. See also Harig v. Johns-Manville Products Corp., 284 Md. 70, 394 A.2d 299, 300 (1978).
 
 B.
 
 9
 When applied to the facts of this case, we agree with the district court that the three year limitations period in the Maryland statute bars plaintiffs' claims against defendants. By March 15, 1985, plaintiffs were on notice that chemicals might be leaching out of the landfill into their water supply; had filed two administrative complaints against one of the real estate agents involved in the purchase and sale of plaintiffs' property; and, had retained an attorney to pursue possible legal action for personal injuries and economic damages. Their contact with an attorney indicates that plaintiffs "had by then been put upon inquiry" and were in the process of investigating their potential claims. Lutheran Hosp., 482 A.2d at 27. As the district court recognized, more than three years before filing this action, plaintiffs' attorney was prepared to present claims to Cecil County officials raising allegations "substantially identical" to those asserted in the instant case.
 
 
 10
 Plaintiffs contend that the limitations period began to run in April of 1985 when they received the consultant's report of possible chemical contamination of the water and soil on their property. We disagree. The Maryland limitations period commences on the date the claimant is on notice or inquiry of his potential cause of action, not on the date an expert renders an opinion. See Lutheran Hosp., 482 A.2d at 29. The summary judgment record indicates that plaintiffs were on notice by March 15, 1985 of the potential health hazards and economic damages resulting from their proximity to the landfill. Under Maryland law, plaintiffs had three years from that date "within which to investigate further, obtain expert opinion, discuss settlement, and file suit." O'Hara, 503 A.2d at 1317-18, quoting Lutheran Hosp., 482 A.2d at 28. The present action was not filed, however, until March 25, 1988; it is therefore barred by the Maryland statute of limitations.
 
 
 11
 The judgment of the district court is hereby
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The corporate charter of Waibel, Incorporated was forfeited in October of 1983. The district court therefore granted Waibel's motion to dismiss because it is not possible to sustain a cause of action against a non-existent entity
 In addition, although Everett Taylor did not join defendants' motions to dismiss or for summary judgment, the district court also granted summary judgment in his favor based on the Maryland statute of limitations.